NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SHAWN JONES, | : | **Civil Action No. 25-16838-JKS-AME** |
| | : | |
| Plaintiff, | : | **OPINION and ORDER** |
| | : | |
| v. | : | |
| | : | |
| THE NEWARK MUSEUM OF ART, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by pro se plaintiff Shawn Jones ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 2]. The Court has considered Plaintiff's written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I.    BACKGROUND**

This is an action for alleged employment discrimination, hostile work environment, and retaliation in violation of various federal and state laws. The following summary is drawn from the Complaint's allegations.

Plaintiff is a former employee of defendant The Newark Museum of Art (the "Museum"). According to the Complaint, in November 2023, Plaintiff reported that his supervisor Shawn Slappy was engaged in an inappropriate relationship with a staff member in the human resources department ("HR"), which Plaintiff claimed "interfere[d] with the handling of complaints made against Mr. Slappy." Compl. ¶ 10. Plaintiff alleges that, although he had previously been a valued employee and treated well, after reporting this information to HR, he was subjected to a

1

series of retaliatory actions, such as exclusion from meetings, denial of information necessary for his job performance, a reduction in overtime opportunities, and assignment of additional duties outside of his ordinary responsibilities. *Id.* ¶¶ 11-16. He alleges the retaliatory behavior escalated throughout 2024, in various ways. Among other things, Plaintiff alleges that in July 2024, he was issued a disciplinary notice based on the way he wore his hat and on a statement he maintains was misinterpreted as insubordinate towards his supervisor. *Id.* ¶ 14. Plaintiff alleges that the discipline was amended after he filed a grievance through his labor union but further alleges that his shop stewards, also named as defendants, failed to adequately advocate on his behalf during the grievance process. *Id.*

Additionally, Plaintiff alleges a hostile work environment at the Museum based on the actions and aggressive comments made by co-worker Shalania Palma. *Id.* ¶ 15. According to the Complaint, Palma began engaging in retaliatory and hostile behavior against Plaintiff in October 2024, because he reported to HR that Palma had been sexually harassed by another co-worker, notwithstanding Palma's wish not to report the incident. *Id.* Plaintiff alleges that Palma ultimately made a workplace complaint against him on December 18, 2024, resulting in Plaintiff's suspension and termination from employment on December 27, 2024. *Id.* ¶¶ 15, 18-21. Plaintiff also alleges that the Museum investigated and took responsive action to complaints made by women employees but ignored his complaints, demonstrating improper bias against him based on gender. *Id.* ¶ 17. He claims that, although his purported misconduct was cited as the basis for his termination, this accusation was untrue and he was, in fact, terminated based on gender and in retaliation for complaining about unlawful conduct at the Museum. *Id.* ¶¶ 22-23, 26-29.

Plaintiff filed this action on October 21, 2025, together with an application to proceed *in forma pauperis* ("IFP"), which was thereafter granted on March 11, 2026. His Complaint names multiple defendants, including the Museum, his supervisor, co-workers, and labor union shop stewards, and asserts causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), and the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1, *et seq.* ("CEPA"). It also asserts common law claims for defamation, negligence, and intentional and negligent infliction of emotional distress.

On the same date he submitted his Complaint and IFP application, Plaintiff moved for appointment of pro bono counsel.

## II.    DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Plaintiff argues that appointment of pro bono counsel is warranted primarily due to financial hardship. Plaintiff states he lacks steady income and therefore cannot afford to hire an attorney. He also states he has contacted multiple attorneys and legal aid organizations but has been unable to secure representation. Plaintiff further argues he needs counsel to prosecute his claims because they involve complex legal issues pertaining to employment discrimination,

retaliation, and violation of workplace rights. He maintains that investigating the facts underlying the claims and presenting supporting evidence to the Court will require legal expertise.

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

Here, the Court finds the threshold *Tabron* requirement is satisfied. The Complaint sets forth numerous factual allegations asserting Plaintiff was subjected to unlawful discrimination, retaliation, and a hostile work environment while employed by the Museum and terminated from his employment in retaliation for complaining about misconduct, particularly the sexual

4

harassment he claims a co-worker experienced. For purposes of this motion only, the Court finds that Plaintiff's claims have sufficient arguable merit to meet the threshold requirement for consideration of his application for appointment of counsel. Nevertheless, an analysis of the *Tabron* factors militates against Plaintiff's request for pro bono counsel. The Court will consider the six factors in turn.

First, Plaintiff has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Although the Court lacks information about Plaintiff's education, the record demonstrates that he is literate and an articulate and effective communicator. The Complaint, drafted and filed by Plaintiff without the assistance of counsel, provides a cogent, thorough, and well-organized recitation of the factual allegations on which this action is based. It includes citations to applicable legal authority and clearly sets forth Plaintiff's claims for relief. Plaintiff displays a firm command of legal terminology, the factual basis for his action, and applicable statutory provisions. Thus, the first *Tabron* factor weighs against appointment of pro bono counsel.

Second, this action does not involve overly complex legal or factual issues. The case revolves around the straightforward allegations that Plaintiff endured a hostile work environment and discriminatory treatment during his employment at the Museum and was terminated in alleged retaliation for voicing his concerns about various purported instances of discrimination and misconduct. This factor also weighs against appointment of counsel.

Third, this action is not likely to require extensive or complicated discovery. The claims arise out of a narrow set of facts, focusing on the circumstances of Plaintiff's workplace conditions, alleged adverse treatment, and termination, as set forth in the Complaint. Written

5

interrogatories, document demands, and depositions will likely be required to explore Plaintiff's allegations, but he has demonstrated his capability to access resources, draft legal documents, and review case filings. Moreover, many if not most of the pertinent facts are well-known to Plaintiff, as they are based upon his personal experience during his employment with the Museum and interactions with supervisors, co-workers, and HR personnel. Thus, there is no apparent impediment to Plaintiff's ability to explore these topics through discovery.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted IFP status. *Montgomery*, 294 F.3d at 505. Here, the District Court granted Plaintiff's application to proceed IFP, upon a showing of indigency. However, Plaintiff's inability to afford counsel does not, by itself, warrant granting his request for pro bono counsel. Thus, this factor is neutral.

Fifth, the Court must consider whether the action depends on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Insofar as Plaintiff has alleged his employment termination was motivated by gender discrimination and/or retaliation for his complaints of misconduct, Plaintiff's Title VII, NJLAD, and CEPA claims may depend, in part, on the anticipated and potentially competing testimony by the parties and other witnesses. However, there is no indication that the merits of Plaintiff's claims will turn "solely" on a swearing contest, and Plaintiff has not identified any insurmountable difficulty in exploring any credibility issues that may arise.

Sixth, the Court must consider whether the action may require expert testimony. Although this action is in its earliest stages, neither the Complaint nor Plaintiff's motion for

appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Here, Plaintiff has demonstrated an ability to prepare and file documents without the assistance of counsel as well as knowledge of the substantive matters involved in pursuing this action. The totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent Plaintiff in this action.

## III.   CONCLUSION AND ORDER

As set forth above, the Court concludes, in its discretion, that appointment of pro bono counsel is not warranted. Accordingly,

**IT IS** on this 27th day of April 2026,

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 2] is **DENIED**.

      /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

7